### VAN LOAN v. SQUIRES et al.[1]

(*Supreme Court, Special Term, New York County. July, 1889.*)

1. FORECLOSURE—SUBSTITUTION OF PARTIES.
   Where plaintiff in a suit for foreclosure assigns the bond and mortgage, his assignee may on motion be substituted as plaintiff.
2. SAME—INTERPLEADER.
   In such action, where both the plaintiff and one of the defendants claim ownership of the mortgage, the defendant who owns the equity of redemption may be granted leave to pay into court the money due on the mortgage, and have the same discharged, such leave being warranted by the general equitable power vested in the court, together with Code Civil Proc. N. Y. § 820, providing that a defendant in an action on a contract against whom another person makes a demand for the same debt may apply for an order to substitute such person in his place, and discharge defendant from all liability upon his paying into court the amount of the debt; and that the court may in its discretion make such order.

At chambers. On motions to make a new party plaintiff, and to interplead.

Bronk Van Loan sued Mary J. Squires and others to foreclose a mortgage. A sale was had, which was subsequently set aside, and Mary E. McKinley and M. Louise Jarvis were made new defendants. Simon Stern now moves to be substituted as plaintiff, claiming to be the assignee of the bond and mortgage, of which M. Louise Jarvis also claims to be the owner. Mary E. McKinley, the owner of the equity of redemption, moves to be allowed to pay into court the amount due on the bond and mortgage, so that the contention between Stern and Jarvis may be settled in this action. Code Civil Proc. N. Y. § 820, provides that any defendant in an action on a contract against whom another person makes a demand for the same debt may apply for an order to substitute such person in his place, and discharge defendant from all liability upon his paying into court the amount of the debt; and the court may in its discretion make such order.

*John Alex. Beall,* for Simon Stern. *Anderson Price,* for M. Louise Jarvis. *Joseph O. Brown,* for Mary E. McKinley.

O'BRIEN, J. Mr. Stern moves to be made the party plaintiff in place of Van Loan. The defendant McKinley moves for leave to pay the money secured to be paid and due under the mortgage in court, and to have the mortgage discharged. Both these motions can be considered together. As stated upon the argument, in view of the fact that the present plaintiff has no interest in the controversy and Mr. Stern has, no good reason has been shown why the motion to substitute should not be granted.

It seems to me equally clear that the motion of Mrs. McKinley, the owner of the equity of redemption, should be granted, allowing her to pay the money into court. It must be remembered that this court, by order made on June 26th, permitted Mrs. Jarvis to come in as party defendant, upon her statement that she was entitled to the amount due on the mortgage, or some part thereof. The only persons, therefore, who claim any interest are now before the court,—Mr. Stern, by motion now granted, being made party plaintiff, and Mrs. Jarvis, by the order formerly entered, being made party defendant. They are the only persons entitled to the fund, and purpose contesting each other's right thereto. It would certainly, therefore, be inequitable to compel the owner of the equity, who is ready and willing to pay what is claimed in the complaint, to first either tender to one who may not be authorized or entitled to receive the money, or to be subjected to further interest or to costs of further proceedings, to determine the ownership of the fund, in which mat-

[1] From 23 Abb. N. C. 230.

ter she is not interested.   Section 820 of the Code provides in what cases an interpleader may be made.   This section, together with the general equitable power vested in the court, is sufficient to warrant in a proper case the granting of leave to pay into court moneys due upon a mortgage, the title and ownership of which are claimed by two different persons, who desire to proceed in the action, and litigate their rights.   Motions, therefore, are granted.